UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:05CV-152-M

**CONRAD G. BARNES,**                                                                           **PLAINTIFF**

**V.**

**BILL BAXTER,**
**Chairman of the Board,**
**Tennessee Valley Authority Board of Directors,**
**in his Official Capacity**                                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Bill Baxter, Chairman of the Tennessee Valley Authority Board of Directors ("Baxter") for summary judgment on Plaintiff Conrad Barnes's ("Barnes") claims of discrimination and retaliation. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendant's Motion for Summary Judgment is **GRANTED**.

## FACTS

The Plaintiff alleges that after sustaining a workplace injury, which left him unable to fully rotate his neck constantly, he was not allowed to return to work. He subsequently filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon a disability. He later filed another complaint with the EEOC alleging that, as a result of filing his first complaint, he experienced workplace retaliation. In this action, he alleges that he has been discriminated against, in violation of his rights under the the Rehabilitation Act of 1973 and the Americans with Disabilities Act ("ADA"), by virtue of his employer's 1) denial of a reasonable accommodation for his disability; 2) retaliation against him for filing an EEOC claim; and 3) requirement that he alter his medical restrictions to accommodate the demands of his employer. (DN

40, Amended Complaint).

## STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying the portion of the record which demonstrates the absence of a genuine issue of material facts. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party themselves thereafter must produce specific facts demonstrating that a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of scintilla of evidence in support of the [non-moving party's] position will be insufficient, there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477. U.S. at 252. It is against this standard that the court reviews the following facts.

## DISCUSSION

**A. The Discrimination Claim: The Plaintiff is Not "Disabled"**

In Count One of his Complaint, the Plaintiff alleges that the Defendant violated his rights under the Americans with Disabilities Act ("ADA"), 29 U.S.C. § 701, et seq., and the Rehabilitation

Act of 1973, 42 U.S.C. § 12101, et seq., by discriminating against him because he was disabled. To establish such a claim, the plaintiff must first set forth a prima facie case of discrimination. To make out a prima facie employment discrimination case under either the Americans with Disabilities Act or the Rehabilitation Act of 1973, a plaintiff must show (1) that he is an individual with a disability; who was (2) otherwise qualified to perform a job's requirements, with or without reasonable accommodation; and who was (3) discriminated against solely because of a disability. Mahon v. Cromwell, 295 F.3d 585, 589 (6th Cir. 2002). An individual is discriminated against when he is fired because of a disability, but discrimination also includes limiting, segregating, or classifying an employee in way that adversely affects the opportunities or status of such application or employee because of their disability. Id.

In suits brought under these Acts, a threshold question is whether, under the first prong of the test, the claimant has established that he is "an individual with a disability." The Supreme Court has held that not every physical impairment constitutes a disability. See, e.g., Toyota Motor Manufacturing, Kentucky, Inc. v. Williams, 534 U.S. 184 (2002). Indeed, to be "disabled" under the Americans with Disabilities Act and Rehabilitation Act of 1973, an individual must (1) have a physical or mental impairment which "substantially limits" him or her in at least one "major life activity;" 2) have a record of such an impairment; or (3) be regarded as having such an impairment. 29 U.S.C. § 705(20)(B); 42 U.S.C. 12102(2). "Substantially limits" and "major life activities" are terms of art under the ADA and the Rehabilitation Act of 1973. And although neither has a precise definition, the Supreme Court has held that "these terms need to be interpreted strictly to create a demanding standard for qualifying as disabled." Toyota, 534 U.S. at 197. In Toyota, the Supreme Court held that the word "substantially" in the phrase "substantially limits" suggests considerable

3

or to a large degree. Id. at 196. And, as to "major life activities," the Toyota Court cited with approval the regulations promulgated under the Rehabilitation Act defining major life activities as those that are of central importance to daily life, such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. Id.; 45 C.F.R. § 84.3(i)(2)(ii). Individuals attempting to prove a disability under the statute must "offer evidence that the extent of the limitation [caused by their impairment] in terms of their own experience...is substantial." Toyota at 198 (quoting Albertson's, Inc v. Kirkingburg, 527 U.S. 555, 567 (1999)). And, more specifically, to be found substantially limited in the specific major life activity of "working," the plaintiff must establish that because of his disability he is "precluded from a substantial class or broad range of jobs" available to a non-injured individual with similar training, education, and experience. Mahon at 591; Sutton v. United Air Lines, 527 U.S. 471, 492 (1999).

      Here, the Defendant contends that the Plaintiff has not met his burden of establishing that he is "disabled." The Court agrees. The record suggests that the Plaintiff does suffer from a neck injury and that, as a result of this injury, his doctor placed medical restrictions on him that included not operating certain equipment. (Barnes Dep., p. 39-40). The record also reveals that subsequent to receipt of the restrictions suggested by the Plaintiff's physician, the Defendant placed the Plaintiff on work restrictions which stated that he had "limited ability to maintain rotation of the neck [greater than] 25 [degrees] to the right and 40 [degrees] to the left constantly, but may rotate neck frequently as needed." (DN 21, p.7). However, in his Response to the Defendant's Motion for Summary Judgment, the Plaintiff points to absolutely no evidence which would suggest that his neck injury *substantially limited* him in any major life activity. Specifically, as to the life activity of working, the Plaintiff has presented no evidence which would suggest that his condition precluded him from

4

a "broad range of jobs" for which he was otherwise qualified. For these reasons, the Court holds that the Plaintiff has failed to establish that he was "disabled" under either the ADA or the Rehabilitation Act of 1973, and that, therefore, the Plaintiff has not met his burden of making out a prima facie case of employment discrimination based on a disability. Thus, the Court holds that as to the Plaintiff's claims of workplace discrimination under the ADA and the Rehabilitation Act, the Defendant is entitled to judgment as a matter of law.

### B. The "Retaliation" Claim

In his Complaint, the Plaintiff also alleges that he was retaliated against "for exercising his clearly established rights under the law." (DN 1, ¶ 11(a)). To proceed with this claim, a plaintiff must first set forth a prima facie case of retaliation. Then, as with any discrimination claim, if the plaintiff makes out a prima facie case, the burden then shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for its action. If the employer carries this burden, the plaintiff must then prove by a preponderance of the evidence that the reasons offered by the employer were a pretext for retaliation. The ultimate burden of persuasion remains at all times with the plaintiff. Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir. 2001); McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973).

To make out a prima facie case of retaliation, the plaintiff initially must establish that: 1) he has engaged in a legally protected activity; 2) the defendant knew about his exercise of that right; 3) the defendant then took an employment action adverse to him; and 4) the protected activity and the adverse employment action are causally connected. Gribcheck, 245 F.3d at 550. In his brief, the Plaintiff makes no argument in support of his claim of retaliation and fails to cite to any evidence supporting such a claim. Accordingly, the Court must conclude that the Plaintiff has not met his

burden of persuasion as to this claim by making out a prima facie case of retaliation.

Further, even assuming, *arguendo*, that the Plaintiff has made out a prima facie case of retaliation, the Court finds that the Defendant has "articulated a legitimate, nondiscriminatory reason" for its actions which the Plaintiff has not rebutted. The Plaintiff seems to claim that, in retaliation for the filing of his first claim with the EEOC, the Defendant 1) required the Plaintiff to undergo a psychological evaluation; and 2) suspended him from work based on the results of that evaluation. However, the Defendant states that it took these actions because the Plaintiff was involved in several angry confrontations at work, including an occasion where the Plaintiff allegedly lost his temper and threatened to wreck equipment and another where he confronted his supervisor with accusations of dishonesty and harassment.  Further, in one incident, it was reported that the Plaintiff shoved and/or pushed his supervisor.  Following the psychological evaluation, in which the physician noted his inability to control his anger and behavior, the Defendant suspended the Plaintiff pending the successful completion of an anger management program.  The Court accepts this legitimate explanation of the Defendant's actions, especially since the Plaintiff has failed to offer any evidence to the contrary.[1]

## CONCLUSION

For the foregoing reasons, the Court concludes that as to the Plaintiff's claims of disability discrimination and retaliation, the Defendant is entitled to judgment as a matter of law.

---

[1] While the Defendant also argues that the Plaintiff's retaliation claim should be dismissed for failure to exhaust administrative remedies, retaliation claims are generally exempt from the requirement that all claims arising under Title VII shall be with the EEOC before being filed in federal court.  This is because retaliation claims usually arise after the initial filing of an EEOC claim. The only exception to this rule occurs where alleged workplace retaliation occurs before the filing of an EEOC claim.  Abeita v. TransAmerica Mailings, 159 F.3d 246, 254 (6th Cir. 1998); Ang v. Ang v. Procter & Gamble Co., 932 F.2d 540, 544-45 (6th Cir. 1991).

Accordingly, the Defendant's Motion for Summary Judgment is **GRANTED**.

cc: Counsel of Record